# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff/Respondent,**

**v.**                          **Case No. 04-20115-10-JWL**
                                          **08-2210-JWL**

**Dennis Goyer,**

        **Defendant/Petitioner.**

## MEMORANDUM & ORDER

In April 2006, Dennis Goyer pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute more than 1000 kilograms of marijuana and more than 5 kilograms of cocaine and to one count of money laundering.  In the plea agreement executed by Mr. Goyer, he waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001).  In November 2006, Mr. Goyer was sentenced to a 300-month term of imprisonment.  Mr. Goyer appealed his sentence to the Tenth Circuit and the government then filed a motion to enforce Mr. Goyer's appeal waiver.  In May 2007, the Circuit held that Mr. Goyer had knowingly and voluntarily waived his right to appeal, granted the government's motion to enforce the plea agreement and dismissed Mr. Goyer's appeal.

In May 2008, Mr. Goyer filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 852).  In his motion to vacate, Mr. Goyer asserts that he

received ineffective assistance of counsel in connection with his decision to plead guilty and in connection with the negotiation of the waiver such that his waiver is invalid.[1]  He further contends that he received ineffective assistance of counsel in connection with his sentencing hearing, that the government engaged in misconduct at his sentencing hearing and that the district court erred in applying a presumption of reasonableness to the guideline range it determined was applicable.  In response, the government contends that Mr. Goyer's ineffective assistance claims concerning his plea and waiver do not satisfy the two-prong test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and that the remaining claims asserted by Mr. Goyer have been expressly waived by Mr. Goyer in his plea agreement–a waiver that the government moves to enforce.  As explained below, the government's motion to enforce is granted and Mr. Goyer's motion to vacate is dismissed.

The court will hold a defendant and the government to the terms of a lawful plea agreement.  *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).  Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable.  *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).  The Tenth Circuit has adopted a three-

---

[1]Mr. Goyer also asserts that his waiver was not knowing and voluntary because the waiver language is ambiguous and, while his papers are not clear, may also be contesting the court's sentence enhancements and determination of his base offense level.  The Tenth Circuit has already expressly addressed and rejected these arguments and the court may not revisit them.  *See United States v. Monsisvais*, 946 F.2d 114, 118 (10th Cir. 1991) (the law of the case doctrine is intended to avoid having the district court substitute its opinion for that of the Circuit).

2

pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

*Scope of the Waiver*

Mr. Goyer does not contend that the claims raised in his § 2255 petition fall outside the scope of his waiver of rights. Nonetheless, in an abundance of caution, the court briefly analyzes the scope of Mr. Goyer's waiver and readily concludes that, with the exception of his ineffective assistance claims concerning his plea and waiver, he waived the right to raise the remaining claims asserted in his § 2255 motion, including his claims that he received ineffective assistance of counsel in connection with his sentencing hearing, that the government engaged in misconduct at his sentencing hearing and that the district court erred in applying a presumption of reasonableness to the guideline range it determined was applicable.

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Goyer waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right

to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).  The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant.  *Hahn*, 359 F.3d at 1343. Bearing these principles in mind, the claims raised in Mr. Goyer's § 2255 petition, with the exception of his claims that arguably fall within *United States v. Cockerham*, clearly fall within the scope of his waiver.

*Knowing and Voluntary*

Mr. Goyer contends that his waiver was not knowing and voluntary because the waiver language is ambiguous.  The Tenth Circuit, however, has expressly considered and rejected this argument and the court may not revisit that issue.  *See United States v. Monsisvais*, 946 F.2d 114, 118 (10th Cir. 1991).  Mr. Goyer does not otherwise dispute that his waiver was knowing and voluntary except to the extent he asserts that his counsel was ineffective in connection with the plea and waiver–an argument that the court addresses below in connection with the

4

miscarriage-of-justice prong of the *Hahn* analysis.   Putting that argument aside, the record reflects that Mr. Goyer's waiver was knowing and voluntary.  Paragraph 11 of Mr. Goyer's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Cervantes*, 2004 WL 1798305, at \*10 (10th Cir. Aug.12, 2004) (rejecting defendant's argument that waiver was not knowing and voluntary where plea agreement expressly stated that the defendant knowingly waived his right to appeal or otherwise challenge sentence); *United States v. Elliott*, 264 F.3d 1171, 1174 n.1 (10th Cir. 2001) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and expressly waive[d] the right' to appeal").

In addition, the court, during its Rule 11 colloquy with Mr. Goyer, discussed with Mr. Goyer the fact that he had waived his right to appeal or otherwise challenge his sentence through a § 2255 motion.  Indeed, the Tenth Circuit looked to this court's discussion with Mr. Goyer at the plea hearing as evidence that Mr. Goyer understood that "the bottom line" with respect to the waiver of appeal and collateral attack was that "the sentence that this court gives you is, for all intents and purposes, the sentence that you will do."  *United States v. Goyer*, 2007 WL 1334515, at \*2 (10th Cir. May 8, 2007).

*Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of

counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. The only  miscarriage-of-justice situation that arguably applies here is the one concerning the ineffective assistance of counsel in conjunction with the negotiation of the waiver–a situation expressly excluded from the waiver executed by Mr. Goyer. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (defendant cannot waiver the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver).

According to Mr. Goyer, he received ineffective assistance of counsel in connection with his decision to plead guilty and in connection with the negotiation of the waiver contained in the plea agreement.  Specifically, Mr. Goyer asserts that his counsel led him to believe that he would receive a sentence in the range of 120 to 150 months and that his counsel did not adequately explain to him how the sentencing guidelines might affect his sentence.  Mr. Goyer claims that the sentence he received–300 months–was far greater than he expected and he would not have pleaded guilty if he had known he would receive such a sentence.  Mr. Goyer also asserts that his counsel did not explain to him the consequences of his appeal and collateral attack waiver and failed to negotiate any concessions from the government in return for Mr. Goyer's waiver.

The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984).  To obtain habeas relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of

reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, thereby constituting prejudice to the petitioner. *See id.* at 687, 688, 694. As will be explained, Mr. Goyer cannot satisfy either prong of the *Strickland* test with respect to his claims.

*Ineffective Assistance with Respect to Estimated Length of Sentence*

With respect to the first prong, it cannot be said that the performance of Mr. Goyer's counsel was constitutionally deficient. Mr. Goyer's allegation that he was misled by his counsel's prediction concerning the length of his sentence does not state a claim for ineffective assistance of counsel under the Sixth Amendment. As the Tenth Circuit has held, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1997); *see also Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002) ("An erroneous sentence estimate by defense counsel does not render a plea involuntary. And a defendant's erroneous expectation, based on his attorney's erroneous estimate, likewise does not render a plea involuntary.") (quoting *Wellnitz v. Page*, 420 F.2d 935, 936-37 (10th Cir. 1970)).

Nor can Mr. Goyer establish the requisite prejudice here. Significantly, Mr. Goyer's representations at the time of his plea demonstrate that he did not enter into the plea agreement and waiver based on a promise of a particular sentence. In his sworn plea petition, Mr. Goyer represented that no one had many any promise, suggestion or prediction concerning his sentence

7

except as contained in the plea agreement;[2] that to the extent that anyone, including his attorney, had made such a promise, suggestion or prediction, they lacked the authority to do so; that he knew that his sentence was "solely a matter within the control of the Judge;" and that the judge could consider a number of factors in determining Mr. Goyer's sentencing range under the guidelines and could even depart from that range.  He also represented that he was satisfied with the advice of his counsel. In the plea agreement, Mr. Goyer acknowledged that his sentence would be determined solely by the judge and that he could not withdraw his plea if he disagreed with the sentence actually imposed.  Finally, in his plea colloquy with the court, Mr. Goyer represented that no one had made any promises to him outside those contained in the plea agreement; that he understood that the court could impose a sentence different from any suggested in the plea agreement and could reject any recommendations that the government had agreed to make to the court; that the decision about what a reasonable sentence would be was "entirely up to the court"; that his attorney was not in a position to make any promises or guarantees about what Mr. Goyer's sentence would be; *that his attorney had not made any promises or guarantees to him about what his sentence would be*; and that he was fully satisfied with the counsel and advice given to him by his attorney.

As the Supreme Court has stated, "the representations of the defendant, his lawyer, and the prosecutor at [the original plea] hearing, as well as any findings made by the judge accepting

---

[2]Indeed, Mr. Goyer stated in his plea petition that his attorney advised him that a guilty plea could subject Mr. Goyer to a mandatory minimum sentence of not less than 10 years and to a maximum sentence of life imprisonment.

the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "Solemn declarations in open court carry a strong presumption of verity." *Bush v. Neet*, 400 F.3d 849, 852 (10th Cir. 2005) (rejecting petitioner's claim that guilty plea was invalid because his counsel promised that he would be eligible for mandatory parole after serving half his sentence; plea agreement contained no such promise and petitioner affirmed in open court that he had not received promises other than those set forth in the agreement) (quoting *Blackledge*, 431 U.S. at 74). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. In fact, a petitioner's contention that statements made at the plea hearing were untruthful "will entitle a petitioner to an evidentiary hearing only in the most extraordinary circumstances." *Id.* at 80 n.19; *accord Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996) (noting that the Tenth Circuit "has interpreted *Blackledge* to permit summary disposition of habeas corpus petitions based on claims of unkept promises and misunderstanding when the court record refutes the claims").

Having closely reviewed the entire record, the court finds nothing to cast doubt on the truth of Mr. Goyer's declarations at the plea hearing and in his plea petition. Mr. Goyer's bare allegation that he would not have entered into the plea and waiver absent his counsel's faulty estimate of his sentence is insufficient to establish the requisite prejudice in the face of Mr. Goyer's prior representations to the court. For the foregoing reasons, the court concludes that

Mr. Goyer is not entitled to an evidentiary hearing on his claim that he received ineffective assistance of counsel in the plea negotiation process. *See Cunningham v. Diesslin*, 92 F.3d 1054, 1062 (10th Cir. 1996) (no evidentiary hearing required on petitioner's claim that his counsel promised him that mandatory parole would apply to his sentence in light of evidence from record at plea hearing and absence of any of the *Blackledge* factors which question the truth of the petitioner's declarations); *Lasiter*, 89 F.3d at 703 (no evidentiary hearing required on claims of unkept promises; petitioner was bound by his "solemn declarations in open court" and his unsubstantiated efforts to refute the record were not sufficient to require a hearing); *United States v. Gamble*, 917 F.2d 1280, 1282 (10th Cir. 1990) (no evidentiary hearing required on petitioner's claim that he was promised a sentence of no more than 4 years; transcript of plea hearing and text of plea agreement completely negated claims and petitioner cannot vary the plea agreement by self-serving parol evidence); *Laycock v. State of New Mexico*, 880 F.2d 1184, 1186-87 (10th Cir. 1989) (no evidentiary hearing required on petitioner's claim that he was promised a suspended sentence if he entered a plea of guilty; alleged promise was not mentioned at the plea hearing or in the plea agreement and petitioner replied "no" when judge asked whether any other promises had been made).

*Ineffective Assistance with Respect to Consequences and Negotiation of Waiver*

Mr. Goyer also has not demonstrated that he suffered any prejudice with respect to his counsel's allegedly deficient performance in explaining the consequences of the waiver to him. *Walker v. Gibson*, 228 F.3d 1217, 1231 (10th Cir. 2000) (court need not address whether

counsel's performance was deficient if petitioner cannot demonstrate prejudice).  The plea agreement itself fully explains the consequences of the waiver and, in any event, the court fully explained the consequences of the waiver to Mr. Goyer during the plea colloquy.  As noted above, Mr. Goyer represented at that time that he fully understood that "the bottom line" with respect to the waiver of appeal and collateral attack was that "the sentence that this court gives you is, for all intents and purposes, the sentence that you will do."

Finally, Mr. Goyer's claim that his counsel's performance was constitutionally deficient because he failed to obtain any concessions from the government in exchange for Mr. Goyer's waiver of rights is not supported by the record.  Indeed, the plea agreement itself reflects that Mr. Goyer received significant benefits from the plea agreement, including the government's agreement to recommend a sentence at the low end of the applicable range and to recommend that Mr. Goyer receive a reduction in his offense level for acceptance of responsibility.[3]  Mr. Goyer, then, simply has not shown that he did not receive a benefit in exchange for his waiver of rights.

Having concluded that enforcing the waiver contained in Mr. Goyer's plea agreement will not result in a miscarriage of justice, the court grants the government's motion to enforce and dismisses Mr. Goyer's petition for relief under 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Goyer's motion to vacate,

---

[3]Ultimately, the government exercised its right to withdraw this recommendation after Mr. Goyer engaged in obstructive conduct subsequent to his plea.

11

set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 852) is dismissed and the

government's motion to enforce Mr. Goyer's waiver of rights is granted.


**IT IS SO ORDERED** this 15th  day of August, 2008.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge