## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                                          **Case No. 04-20115-10-JWL**

**Dennis Goyer,**

        **Defendant.**

### MEMORANDUM & ORDER

Defendant Dennis Goyer pled guilty to one count of conspiracy to distribute and possession with intent to distribute more than 1000 kilograms of marijuana and more than 5 kilograms of cocaine and to one count of money laundering. The court sentenced Mr. Goyer to 300 months imprisonment (but recently reduced that sentence to 243 months in light of Amendment 782) and further imposed a money judgment in the amount of $14,534,099.00, representing the proceeds obtained as a result of the conspiracy.

On May 11, 2015, the Clerk of the Court received a letter from Mr. Goyer in which he seeks "clarification" about whether and to what extent the government may take money from Mr. Goyer's prison account to satisfy the money judgment. The Clerk docketed the letter as a motion for clarification. In reply to the government's response to the motion, Mr. Goyer further alleges that the government has had Mr. Goyer's account "frozen" and he seeks clarification as to the amount of money he can maintain in the account for future living expenses.

Because Mr. Goyer's motion for clarification in fact seeks a ruling on the authority of the government and the BOP to apply money in his prison account to the money judgment in this

case, Mr. Goyer's motion is a challenge to the execution of his sentence which must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district in which Mr. Goyer is incarcerated. *See United States v. Vega*, 316 Fed. Appx. 644, 645 (9th Cir. March 5, 2009) (contention that BOP did not have authority to apply money that he received from friends and family members to restitution payments must be raised through § 2241 petition); *Dawson v. Colorado Dept. of Corrections ex rel. Ortiz*, 75 Fed. Appx. 735, 737 n.2 (10th Cir. Sept. 18, 2003) (suggesting that prisoner's claim concerning authorization to collect money from prison account to satisfy money judgment should have been brought under § 2241); *United States v. Bryant*, 2014 WL 7335181, at *1 (N.D. Ohio 2014) (motion to clarify whether forfeiture order was intended to apply to future income could only be brought under § 2241); *Smith v. Owen*, 2008 WL 4200330. at *1 (D.S.C. 2008) (prisoner's request that court order BOP to cease all collection efforts more properly addressed in a § 2241 petition); *United States v. Hamlett*, 2006 WL 1515604, at *1 (W.D. Va. 2006) (sentencing court lacked jurisdiction to address complaint about collection of payments toward fine imposed in case). This court, then, lacks jurisdiction to address Mr. Goyer's concerns and the motion must be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Goyer's motion for clarification (doc. 932) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 7th day of July, 2015, at Kansas City, Kansas.

2

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge